**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

MARIA DEL CARMEN ESTRADA REYES,

PETITIONER,

v.                                                    CIVIL ACTION NO. 3:26-0084

CARL ALDRIDGE, Superintendent,
Western Regional Jail;
MICHAEL T. ROSE, Acting Field Office
Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement,
TODD M. LYONS, Acting Director,
United States Immigration and Customs Enforcement;
KRISTI NOEM,
Secretary of Homeland Security;
PAMELO JO BONDI,
United States Attorney General,
in their official capacities,

RESPONDENTS.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Maria del Carmen Estrada Reyes' Verified Petition

for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Also pending is a Motion to

Dismiss filed by Federal Respondents ("the Government") Michael T. Rose, Acting Field Office

Director, Philadelphia Field Office, United States Immigration and Customs Enforcement ("ICE");

Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of Homeland Security; and

Pamela Jo Bondi, United States Attorney General. ECF No. 19. Carl Aldridge, Superintendent of

Western Regional Jail, is also a respondent.[1]

---

[1] Mr. Aldridge responds separately that he "should be treated as nothing more than a nominal

The Court previously scheduled a Show Cause Hearing on the Petition, however, both parties have agreed that a hearing is not necessary given the briefing[2] and identical legal argument previously presented before this Court.[3] As such, the hearing scheduled for Tuesday, February 17, 2026, is **CANCELLED**. The Court thoroughly has considered the briefing, and without the need for a hearing, the Petition is ripe for review.

Petitioner is a citizen of Guatemala who entered the United States in 2015. *2015 Form I-213*, Gov't's Ex. A, ECF No. 19-1; *Pet.* ¶ 14. According to Department of Homeland Security documentation, Border Patrol encountered Petitioner in New Mexico in 2015, she was detained, charged with presence "without admission or parole" and "alien inadmissibility," and then released. *2015 Form I-831*, at 2, Gov't's Ex. A; *2026 Form I-831*, at 3, Gov't's Ex. B, ECF No. 19-2; *Resp.* 4. Petitioner's removal proceedings were dismissed in 2022. *Resp.* 4 (citing "Exhibit C, Order of the Immigration Judge," ECF No. 19-3, at 2, however, a crucial page is illegible.); *Reply* 4; *2026 Form I-831*, at 3, Gov't's Ex. B. Petitioner applied for asylum in 2024, received work authorization, and has family in the United States. *Reply* 4; *Appl. for Asylum and for Withholding of Removal*, Pet'r's Ex. 1, ECF No. 20-1; *Appl. For Employment Authorization*,

---

respondent" and "defers to the Federal Respondents' position." *Carl Aldridge Resp* 2, ECF No. 14.

[2] Briefing includes *Verified Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Pet.")*, ECF No. 1; *Response to O.S.C. and Mot. to Dismiss ("Resp.")*, ECF No. 19; *Pet'r's Reply to Resp. ("Reply")*, ECF No. 20.

[3] *See Resp.* 3 ("Thus, while the government does not consent to issuance of the writ and reserves all rights, including the right to appeal, and to conserve judicial and party resources while expediting the Court's consideration of this case, the government hereby relies upon the legal arguments presented below, together with the exhibits attached to this response, and believes this matter can be decided without a hearing."); *see also Reply* 2 (stating that "Petitioner does not require a hearing on the Petition to the extent the pleadings are sufficient to support the issuance of an order immediately releasing Petitioner from custody as this Court has ordered in several recent, materially indistinguishable matters. Therefore, Petitioner respectfully requests that this Court enter an order requiring Petitioner's immediate release from custody, with any opinion to follow.").

Pet'r's Ex. 2, ECF No. 20-2.

Years later, Petitioner was arrested within the interior of the United States after she had been released into the country. Her arrest occurred on January 9, 2026, after West Virginia State Police "stopped [her] for speeding on Route 2 near Union Ridge" in West Virginia. *2026 Form I-831*, at 2, Gov't's Ex. B. She faces administrative charges of "alien present without admission or parole" and "immigrant without an immigrant visa." *Id.* Petitioner states she was not served a warrant or issued a traffic violation prior to her arrest. *Pet.* ¶ 14. Additionally, Petitioner indicates she had not been provided with any indication that her previously authorized release had been properly revoked. *Reply* 5. She claims her detention is civil and administrative in nature, not based on any criminal charge, and that, "no immigration officer or decisionmaker has determined that physical confinement is justified by a legitimate governmental purpose in Petitioner's case." *Pet.* ¶¶ 16–17.

With the same analysis previously undertaken and with reasoning consistent with the uniform position taken in this District and the majority of courts in the nation,[4] the Court finds: it

---

[4] The brevity of the present Order is a result of this Court's prior consideration and rejection of, what the Government concedes are, the same legal arguments presented here. *Resp.* 2; *Simanca Gonzalez v. Aldridge,* CIV. A. No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026); *Shailookul Uulu v. Aldridge*, CIV. A. No. 3:26-0076, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026). Courts in this District have uniformly decided against the Government's position and ordered the immediate release of petitioners. *Briceno Solano v. Mason*, CIV. A. No. 2:26-cv-00045, 2026 WL 311624, at *20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.) ("In this case, the law is clear: the Government violated Petitioner's due process rights."); *Mehari v. Mason*, CIV. A. No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.) ("Petitioner's detention is governed by § 1226(a) . . . 'there is no evidence that Petitioner was actively seeking admission into the United States,' as the record indicates that Petitioner entered the United States in 2023, works as a long-haul truck driver, and resides in the United States."); *Gutierrez Aroca v. Mason*, CIV. A. No. 2:26-cv-00057, 2026 WL 357872, at *17 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.) ("Having once detained and released Petitioners under § 1226(a), the Government cannot now retroactively recast them as arriving 'alien[s] seeking admission.'"); *Umarov v. Mason*, CIV. A. No. 2:27-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026) (Berger, J.) ("[Section 1225(b)(2)] is not applicable to people like [Petitioner], who are arrested far from a

has jurisdiction, Petitioner's detention is governed by 8 U.S.C. § 1226(a) not 8 U.S.C.

§ 1225(b)(2), and Petitioner's due process rights have been violated.

The Court finds Petitioner is entitled to relief of immediate release. The Court wastes no

time in restoring the wrongly deprived physical liberty interests of Petitioner. The Court rejects

the propriety of alternative relief, such as ordering a bond hearing. [5]

The Government's Motion to Dismiss (ECF No. 19) is **DENIED**, and the Petition for Writ

of Habeas Corpus (ECF No. 1) is **GRANTED**. Respondents are **ORDERED** to release Petitioner

Maria del Carmen Estrada Reyes from civil immigration custody immediately. The Court further

**ORDERS** Respondents to facilitate the prompt return of any of Petitioner's seized property,

including legal documents. Respondents are **PROHIBITED** from re-arresting and detaining

Petitioner pending further order of this Court.[6]

---

border and have lived and formed connections through their lengthy residence in the United States."). Indeed, the majority of courts nationwide reject the Government's position. *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

[5] Ordering a bond hearing would be futile given the reports of systematic denial of bond and the Board of Immigration Appeal's affirmation that Immigration Judges do "not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under [the Government's interpretation of] Section 235(b)(2)(A) of the [Immigration and Nationality Act] INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025); *Briceno Solano*, 2026 WL 311624, at *20.

[6] The language in the Court's orders granting relief in recent immigration habeas corpus petitions has evolved from containing a provision prohibiting Respondents from "re-arresting and detaining Petitioner absent a determination by a neutral and detached decisionmaker or change in circumstance justifying such detention" to more broadly prohibiting Respondents from "re-arresting and detaining Petitioners pending further order of this Court." The Court finds the broad language appropriate given Respondents' record of a lack of compliance with Court orders and common practice of unlawfully detaining undocumented individuals. *See Briceno Solano*, 2026 WL 311624, at *20.

-5-

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        February 13, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE